UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

L.H. Jr.,                              )
                                       )
     Plaintiff,                   )
                                       )
    v.                               )     CAUSE NO. 3:07-CV-300 TLS
                                       )
MICHAEL J. ASTRUE, Commissioner        )
of Social Security,                    )
                                       )
     Defendant.                   )

## REPORT AND RECOMMENDATION

On October 6, 2008, counsel for Plaintiff, L.H. Jr. ("L.H."), filed a motion for attorney's

fees, pursuant to the Equal Access to Justice Act ("EAJA"). On October 21, 2008, the

Defendant, Commissioner of Social Security ("Commissioner"), filed a response in opposition to

this motion. On November 12, 2010, L.H.'s counsel filed a reply in support of his motion. On

March 31, 2009, the motion was referred to the undersigned to conduct such proceedings as

necessary to enter a report and recommendation. For the following reasons, the Court now

**RECOMMENDS** that L.H.'s motion be **GRANTED**. [Doc. No. 20].

## I.    PROCEDURAL BACKGROUND

On December 16, 2003, an application for Disability Insurance Benefits was protectively

filed on L.H.'s behalf. L.H. claims he is entitled to benefits pursuant to Title XVI of the Social

Security Act. See 42 U.S.C. §§ 416(I), 1381a. On March 23, 2004, L.H.'s claim was initially

denied and upon reconsideration on June 7, 2004.

On December 11, 2006, L.H. appeared, with counsel, at a hearing before an

Administrative Law Judge (ALJ), who issued a denial of L.H.'s claim. The ALJ found that L.H.

had not engaged in substantial gainful activity. Further, the ALJ found that L.H.'s impairment of

sickle cell anemia was severe. However, the ALJ found that L.H's impairment did not meet or medically equal one of the listed impairments in 20 C.F.R. app.1, subpart P. § 404. Specifically, the ALJ found that the medical evidence showed that L.H. had "very few severe vaso-occlusive crises since the year 2003." Further, the ALJ found that L.H.'s impairments did not functionally equal a listed impairment. While finding that L.H. had marked limitation in his health and physical domain, the ALJ found that L.H. did not have marked or severe limitations in the requisite functional domains. In addition, the ALJ found the opinions of L.H.'s treating physicians to be unsupported by the record evidence and found the testimony of L.H.'s mother to be not credible. The ALJ then went on to conclude that L.H. was not disabled.

L.H. appealed the ALJ's decision to the Appeal's Council. The Appeal's Council denied review, and as a result, the ALJ's decision became the Commissioner's final decision. 20 C.F.R. § 404.981, Fast v. Barnhart, 397 F.3d 468, 470 (7th Cir. 2005). Consequently, on, June 14, 2008, L.H. filed a complaint in this Court seeking review of the ALJ's decision.

On June 6, 2008, this Court issued a Report and Recommendation that this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). This Court recommended remand, in part, because the ALJ's listing determinations were *both* not supported by substantial evidence and insufficiently articulated. In particular, this Court noted that the ALJ failed to sufficiently articulate which exhibits he relied upon in making his conclusions and failed to discuss and consider a substantial amount of other medical evidence in the record. Specifically, this Court faulted the ALJ for failing to consider and discuss evidence of L.H.'s severe numerous vaso-occlusive crises and frequent absences from school.

In addition, this Court concluded that the ALJ's decision to not afford the opinions of L.H.'s treating physician controlling weight was not supported by substantial evidence in the record. In support, this Court concluded that the ALJ's justifications for discounting the opinion evidence were not supported by record evidence. Specifically, this Court noted that the ALJ mis-stated the recorded evidence in regards to the number of hospitalizations that L.H. suffered on account of his impairment. Similarly, this Court concluded that the ALJ's credibility determination was not supported by substantial evidence because that conclusion was also the result of the ALJ's mis-characterization of the number of L.H.'s hospitalizations.

L.H. 's counsel argues that the Commissioner was not substantially justified in relying on the ALJ's errors. As a result, L.H.'s counsel filed a motion for attorney's fees on October 6, 2008. This Court may enter a report and recommendation in this matter based on its referral order, 28 U.S.C. § 636(b)(1)(B), and 42 U.S.C. § 405(g).

## II. ANALYSIS

Under 28 U.S.C. § 2412, "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." A party seeking an award of fees must be a prevailing party, timely file a petition, request reasonable fees, and allege that the United States or agency was not substantially justified. See 28 U.S.C. § 2412(d)(1)(B). The only issue before this Court is whether the Commissioner was substantially justified.

Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct or her litigation position lacked substantial justification. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). A position can be justified even though it is not correct. Jackson v. Chater,

94 F.3d 274, 279 (7th Cir. 1996). To be substantially justified, the Commissioner's position must have a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Cunningham, 440 F.3d at 864. Alternatively, a position is substantially justified if reasonable persons could differ as to the appropriateness of the contested action. Pierce, 487 U.S. at 566; Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir. 1992). The ALJ's decision is considered part of the Commissioner's pre-litigation conduct. Cunningham, 440 F.3d at 863-64. The Commissioner bears the burden of proving that his position was substantially justified. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).

The 7th Circuit has addressed what constitutes substantial justification in some detail. On the one hand, the 7th Circuit found in Cunningham that the Social Security Administration ("SSA") was substantially justified in defending an ALJ decision where the ALJ simply failed to meet the articulation requirement. However, in Golembiewski the 7th Circuit found it was an abuse of discretion for the district court to find the SSA's position to be substantially justified when the ALJ had committed several errors such as failing to address key issues such as the claimant's credibility. This case, like most, falls within the vast spectrum between these two cases.

The Commissioner argues that it had a rational basis for believing that the ALJ's analysis should have been upheld. In support, the Commissioner asserts that this Court remanded the ALJ's opinion because it was inadequately articulated and not because the ALJ's opinion was insufficiently supported with record facts. As such, the Commissioner contends that it was justified in defending the ALJ's conclusions. See Doc. No. 22 at 4 (quoting Stein v. Sullivan, 966 F.2d. 317, 320 (7th Cir. 1992) ("That the ALJ failed to meet this articulation standard in no

way necessitates a finding [that] the Secretary's position was not substantially justified"). The Commissioner additionally asserts that L.H.'s requested fee request is excessive, arguing that thirty-nine hours of attorney work is unreasonable for a "relatively routine" disability appeal. This Court disagrees with both of the Commissioner's arguments.

To begin, contrary to the Commissioner's characterizations of this Court's holdings, this Court found that the ALJ's conclusions were *both* insufficiently articulated *and* factually unsupported. In addition, unlike the <u>Stein</u> case cited by the Commissioner, this Court found several errors in the ALJ's analysis, concluding that the ALJ erred in his listing determination, in the weight afforded to the opinions of L.H.'s treating physician, and in his credibility finding. As such, this Court disagrees with the Commissioner's characterizations of this Court's analysis and conclusions.

In addition, this Court does not consider thirty-nine hours of attorney work to be *per se* unreasonable for a disability appeal.[1] This Court does not understand this case, or any disability appeal, to be "routine," as alleged by the Commissioner. Each disability appeal presents unique factual records which often amount to hundreds of pages of medical evidence; and each appeal often presents multiple legal issues for review. Although the factual record in this case may not have been as extensive as some cases, the issues presented were not at all common. In particular, L.H. sought benefits as a minor, requiring a more lengthy and complex legal framework than the one utilized in the typical disability case. In addition, L.H.'s attorney has presented evidence of several cases in which courts have awarded comparable fees to those requested by L.H.'s attorney. As such, given the complexities of this case and the comparable

---

[1] The Commissioner notably does not criticize the billing rate charged by L.H.'s attorney; and, indeed, this Court considers the rate to be reasonable.

amount of fees requested, in relation to other disability appeals, this Court considers the fee

request of L.H.'s attorney to be reasonable.

III.     CONCLUSION

Because L.H. has established that he is the prevailing party and has requested reasonable

fees, this Court **RECOMMENDS** that L.H. 's motion be **GRANTED**.  [Doc. No. 20].  The

Commissioner is to pay the L.H's attorney an award of attorney's fees in the amount of

**$6,677.63**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**.

> **SO ORDERED.**

Dated this 17th Day of June, 2010.

 S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge